Filed 3/21/14  In re Michael C. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MICHAEL C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL C.,<br><br>Defendant and Appellant. | F067820<br><br>(Super. Ct. No. JW089271-02)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Peter A. Warmerdam, Referee.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

[*]     Before Cornell, Acting P.J., Poochigian, J., and Franson, J.

Following a contested jurisdiction hearing, the juvenile court found true allegations set forth in a juvenile wardship petition that appellant, Michael C., committed a violation of Penal Code section 69 (obstructing or resisting an executive officer by means of threat or violence), a felony, and that in committing that offense, he violated probation granted in a prior wardship proceeding. At the subsequent disposition hearing, the court continued appellant on probation; declared the maximum term of confinement to be three years eight months, less 173 days credit for time served; and ordered appellant committed to the Crossroads Facility.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d. 436.) Appellant has not responded to this court's invitation to submit additional briefing.

## FACTS

Michael Williams is a "juvenile correctional officer."[1] At approximately 11:10 a.m. on July 6, 2013, while on duty at Camp Erwin Owen, he observed appellant, who was sitting on his bunk, arguing with Officer Estrada. Because of recent "altercations," the facility was "at a heightened sense of security," and Estrada instructed appellant "many" times to sit with both feet on the floor. Appellant, however, had his feet on his bunk and refused to comply.

Williams, who was approximately five feet away from Estrada, instructed appellant "to follow the directives of the officer." In response, appellant "shouted that [he] wasn't talking to [Williams]." At that point, Williams approached appellant and "told [him] to stand up and move to the television room." Appellant responded that "[h]e

---

[1] Except as otherwise indicated, our factual summary is taken from Williams's testimony.

wasn't going to do [Williams's] directives." Williams then told appellant to "get on the floor," and when appellant failed to do so, Williams "took control of [appellant's] left arm." Appellant then rolled over onto his stomach, placed his right arm underneath his chest, and "began shouting." Williams directed appellant to "stop resisting" and to present his right hand for handcuffing. Appellant failed to comply, at which point Williams "took [appellant's] left arm into a county-approved twist lock and escorted him to the television room." There, appellant escaped Williams's grasp and "began to throw wild punches" at the officer's upper body. Williams attempted to "regain that twist lock," blocking appellant's blows with his forearms, and telling appellant "to get on the ground." Appellant again failed to comply, at which point three other officers entered the room and assisted Williams in getting appellant handcuffed and "secured."

Appellant testified that at approximately 11:00 a.m. on July 6, he was sitting on his bunk, talking to another ward, when Estrada asked appellant what he and the other ward were talking about.[2] Appellant "tried to tell him," but Estrada told him to "shut up." Shortly thereafter, Williams approached and told appellant to "shut up." Appellant responded, "excuse me, sir, I'm talking to Officer Estrada."

At that point, Williams told appellant to "get up"; appellant asked, "For what, sir"; and Williams grabbed appellant's arm and pushed him. Appellant then rolled onto his stomach, and his arm became stuck "between [his] bunk and the top rail." At that point, Officer Ronald Rojas approached, directed appellant to move toward the middle of the bunk, and, when appellant did so, Rojas pulled appellant's arm out, causing appellant to cry out in pain. Rojas then grabbed appellant by the collar, "yank[ed] [him] up," and, while twisting appellant's arm, escorted him to the television room.

---

**2** Except as otherwise indicated, the remainder of our factual summary is taken from appellant's testimony.

3

There, Rojas surprised appellant by attempting to "push [him] down." Appellant "got scared" and, acting out of "instinct," put his hands up in front of his face and started backing up toward the wall. At that point, Rojas grabbed appellant by the legs and Williams "came and tackled [appellant] from [the] side." Other officers then arrived and held appellant down.

Appellant never struck or attempted to strike Williams.

Rojas testified, corroborating Williams's testimony.

## INDEPENDENT REVIEW OF RECORD

Although the juvenile court, at the disposition hearing, awarded appellant 173 days of credit for time served, the July 31, 2103, "JURISDICTIONAL MINUTE ORDER" states the court awarded appellant 208 days of credit. We will direct the juvenile court to prepare an amended minute order correcting this clerical error. (Cf. *People v. Jones* (2012) 54 Cal.4th 1, 89 ["When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, [reviewing] court has the inherent power to correct such clerical error on appeal"].)

Following independent review of the record, we have concluded that no other reasonably arguable legal or factual issues exist.

## DISPOSITION

The juvenile court is directed to prepare an amended jurisdictional minute order indicating, in accordance with the court's oral pronouncement at the jurisdiction hearing, that appellant is credited with 173 days for time served, and to forward a certified copy of the amended order to the appropriate authorities. In all other respects, the judgment is affirmed.